**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Davida Gayden,<br><br>    Plaintiff,<br><br>vs.<br><br>Arizona Department of Economic Security,<br><br>    Defendant. | No. CV-10-0882-PHX-LOA<br><br>**ORDER** |

This case arises on Defendant Arizona Department of Economic Security's[1] ("Defendant") June 7, 2010 Motion to Dismiss, pursuant to Rules 8(a) and 12(b)(6), Fed.R.Civ.P., asserting that (1) Plaintiff's Amended Complaint fails to plead sufficient factual allegations to state a plausible claim upon which relief may be granted, and (2) Plaintiff failed to properly serve the Complaint. (Doc. 11) Plaintiff did not file a response

---

[1] The Arizona Department of Economic Security is likely not a jural entity subject to being sued. "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Morgan v. Arizona*, 2007 WL 2808477, * 8 (D. Ariz. 2007) (citations omitted). An action cannot be brought against a state or county agency, like the Department of Public Safety or the Maricopa County Sheriffs Office, that lacks the authority to sue and be sued. *Braillard v. Maricopa County*, ___ P.3d ___, 2010 WL 2134148, * 3 (Az.App.Ct. 2010) ("We therefore conclude MCSO is a nonjural entity and should be dismissed from this case."); *Austin v. State of Arizona*, 2008 WL 4368608, * 5 (D. Ariz. 2008) (The Arizona Department of Corrections "is a creation of the Arizona Legislature. . . . The enabling legislation for ADOC does not authorize it to sue or be sued in its own right as a separate and distinct legal entity.") Because this lawsuit will be dismissed with prejudice and Defendant did not raise this issue, the Court declines to address it.

which was due on or before July 12, 2010. After review and consideration of Defendant's Motion and relevant authorities, the Court will grant the Motion and will dismiss this case with prejudice.

**JURISDICTION**

The District Court of Arizona has federal-question jurisdiction over this case pursuant to 28 U.S.C. § 1331[2] because Plaintiff's claim of employment discrimination arises under federal law, to wit: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1). The parties have voluntarily consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. 636(c)(1). (Doc. 5, 14)

**BACKGROUND**

**I. Factual Allegations**

On April 21, 2010, Plaintiff Davida Gayden, representing herself, filed a two-sentence Complaint, attempting to allege hostile work environment and harassment claims against her employer, the State of Arizona. The Complaint provided no factual allegations to explain or bolster her claims. (Doc. 1) On April 23, 2010, this Court *sua sponte* ordered Plaintiff to file an amended complaint that provides a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a), Fed.R.Civ.P., and set forth the statutory basis for this Court's subject matter jurisdiction. (Doc. 4 at 4) The April 23, 2010 order explained that pursuant to *Ashcroft v. Iqbal*, __U.S.__, 129 S. Ct. 1937, 1949 (2009), Plaintiff was required to provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." (*Id*.) "In other words, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . [,]" citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[2] Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

544, 555-56 (2007) (citations, emphasis and internal quotation marks omitted). (*Id.*)

On May 21, 2010, Plaintiff filed her Amended Complaint. (Doc. 9) On June 7, 2010, Defendant moved to dismiss Plaintiff's Amended Complaint. The next day, the Court issued a *Rand* order, informing Plaintiff that a response was due on July 12, 2010 and warning her that "[t[he failure of Plaintiff to timely respond to Defendant's Motion to Dismiss may, in the discretion of the court and among other things, be deemed a consent to the granting of that motion without further notice, and judgment may be entered dismissing the complaint and lawsuit with prejudice pursuant to LRCiv 7.2(I)." (Doc. 13 at 1-2)

In the first of her two-paragraph Amended Complaint, Plaintiff contends that she was "harassed by my Local Office Manager, Terry Howard based on my sex. It was widely believed I was having a romantic relationship with a male co worker (sic), Devin [D], whom Terry Howard was very fond of . . . my former [Local Office Manager] harassed me based on her daughters (sic) desire to date and become involved with my former male coworker as well as jealously on both the parts of the daughter and Terry Howard." (Doc. 9 at 1) "It was stated to me from Terry Howard that she wanted to help Mr. [D] because he was a good looking young black man with potential. I was also subjected to consistent sexual joking which created an even more hostile work environment for me." (*Id.*)

In the second paragraph under the heading "Demand," Plaintiff "request[s] $5,000,000.00 in damages due to the physical effects of my stress triggered illness that led to my being absent from work for three months and the (sic) as well as the emotional abuse I continued to suffer and endure daily for nearly two and one half years . . . ." (*Id.* at 2) Nowhere in the Amended Complaint are additional factual details provided of Plaintiff's alleged hostile work environment or harassment.

### **RULES 8(a) and 12(b)(6) MOTION TO DISMISS**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006,
///

1008 (9th Cir. 1986) (a *pro se* litigant "is expected to abide by the rules of the court in which he litigates.").

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. A well-pled complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be *plausibly suggestive* of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949) (emphasis added).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 125 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. Although a plaintiff's specific factual allegations may be consistent with an employment discrimination claim, a district court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 1951. With these principles in mind, the Court will examine the sufficiency of the claims pled in the Amended Complaint.

## **HOSTILE WORK ENVIRONMENT**

Title VII makes it an unlawful employment practice to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, *because of such individual's . . . sex . . . .*" 42 U.S.C. § 2000e-2(a)(1). Based

upon the plain language of Title VII, a plaintiff must prove that "any harassment took place because of sex." *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1034 (9th Cir. 2005) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79 (1998)) (internal quotation marks omitted). Sexual harassment is a species of gender discrimination and thus constitutes a violation of Section 2000e-2. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000); *Barkclay v. Wal-Mart Stores, Inc.*, 2007 WL 4410257, at * 4 (D.Ariz. 2007) (citing 42 U.S.C. § 2000e-2).

To state a claim under Title VII for hostile work environment, an employee "must show that: (1) she was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." *Porter v. California Dept. of Corrections*, 419 F.3d 885, 892 (9th Cir. 2005) (citation omitted); *Ellison v. Brady*, 924 F.2d 872, 875-876 (9th Cir. 1991). A plaintiff must show that the working environment was both objectively and subjectively hostile, that is, (1) a reasonable person would find the environment hostile or abusive and (2) the victim subjectively perceived her environment to be abusive. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22, (1993); *Brooks*, 229 F.3d at 924.

To determine whether conduct was sufficiently severe or pervasive to violate Title VII, a district court considers "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (citation and internal quotation marks omitted). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Id.* at 271 (citation omitted). The ultimate question is whether a reasonable woman would consider the conduct sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Ellison*, 924 F.2d at 879.

# **DISCUSSION**

The Court agrees with Defendant that Plaintiff has failed to allege sufficient facts to establish plausibly suggestive claims for hostile work environment or sexual harassment under Title VII. Plaintiff's "[t]hreadbare recitals [ ] supported by mere conclusory statements do not suffice" to create a viable claim for sexual harassment or hostile work environment. *Iqbal*,129 S. Ct. at 1949. The Amended Complaint's "factual allegations [are not] enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 556. Assuming as true Plaintiff's allegations that she was harassed by her supervisor because her supervisor's daughter wanted to date Plaintiff's co-worker, these allegations fail to state a hostile work environment claim because harassment based on the jealousy of the supervisor or her daughter does not fall within the purview of Title VII. Plaintiff has not pled, nor alleged any facts, that Plaintiff's "harassment took place because of sex." *Dominguez-Curry,* 424 F.3d at 1034.

Plaintiff also alleges that she was subjected to "consistent sexual joking." (Doc. 9 at 1) As Defendant concedes, such conduct could constitute a claim for hostile work environment if sufficient facts were alleged to demonstrate it was severe and pervasive. (Doc. 11 at 3) Plaintiff's Amended Complaint, however, fails to allege a plausible hostile work environment claim because she did not provide any facts to support her conclusory claim. She did not identify the sexual jokes, the frequency of the jokes, when they were made, who made them, whether she reported them, or whether the jokes "unreasonably interfered with Plaintiff's work performance." *Breeden*, 532 U.S. at 270-71. Due to the paucity of factual allegations, the Court is unable to gauge whether a reasonable woman would find the sexual jokes sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Ellison*, 924 F.2d at 879.

Defendant also alleges that Plaintiff "fails to allege whether she appropriately exhausted her administrative remedies with the Equal Employment Opportunity Commission." (Doc. 11 at 3) Defendant acknowledges that Plaintiff "filed a Charge of

Discrimination on October 20, 2009," but contends "that Charge does not allege that Gayden was subjected to 'consistent sexual joking.' (Charge, No. 540-2010-00162, attached as Exhibit 2.) That charge alleges that Gayden was "unjustly accused of sexually harassing a co-worker." (*Id*.) Because Plaintiff's pleading defects are fatal to her lawsuit, the Court declines to address this issue and whether Plaintiff properly served the Complaint as unnecessary.

## CONCLUSION

Having previously provided Plaintiff the Supreme Court's latest pronouncements in *Twombly* and *Iqbal* on the factual requirements for a complaint to state claims for relief, doc. 4, Plaintiff will not be given an additional opportunity to amend her Complaint. To do so would be unfair to Defendant.

Accordingly,

**IT IS ORDERED** that Defendant Arizona Department of Economic Security's Motion to Dismiss, doc. 11, is **GRANTED**. Finding that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted pursuant to Rules 8(a) and 12(b)(6), Fed.R.Civ.P., and *pro se* Plaintiff having received a fair opportunity to file an Amended Complaint to cure the original Complaint's factual deficiencies, dismissal is with prejudice. The Clerk is directed to enter judgment in favor of Defendant and to terminate this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion of (sic) Leave to File Second Amended Complaint, untimely filed on July 16, 2010, is **DENIED** as moot.

Dated this 19th day of July, 2010.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge